IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMARR L. CAMPBELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 13-1675-GMS |
| | ) |
| DELAWARE STATE POLICE, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM

The plaintiff, Jamarr L. Campbell ("Campbell"), a pretrial detainee at the James T.

Vaughn Correctional Center, Smyrna, Delaware, filed this filed this lawsuit pursuant to 42 U.S.C.

§ 1983. (D.I. 3, 6.) He appears *pro se* and was granted permission to proceed *in forma pauperis*

pursuant to 28 U.S.C. § 1915. (D.I. 5.) The court proceeds to review and screen the complaint

pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

## I. BACKGROUND

On January 21, 2013, the defendants Delaware State Police detectives Larry Smith

("Smith") and Adam Wright ("Wright") prepared an application for a search warrant and

affidavit of probable cause. In early April 2013, Campbell filed affidavits in his criminal case.

The gist of the affidavits is that the search warrant was insufficient and that the State only has

inadmissible evidence that should be suppressed. Contending that the application and affidavit

contained false statements, Campbell filed a motion for an evidentiary hearing on August 19,

2013. The complaint states that the State judge "had a close [sic] mind and did not render a

decision on the motion." (D.I. 3, ¶ II.C.2.) It appears that the criminal case remains pending.

Campbell seeks compensation for his alleged illegal detention, all charges dropped, and his release from prison. He recently filed a request for counsel (D.I. 7).

## II. STANDARD OF REVIEW

This court must dismiss, at the earliest practicable time, certain *in forma pauperis* and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Campbell proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

2

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the court must grant Campbell leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Id.* at 1949. When determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11. Second, the court must determine whether the facts alleged in the complaint are sufficient to show that Campbell has a "plausible claim for relief."[1] *Id.* at 211. In other words, the complaint must do more than allege

---

[1]A claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and

Campbell's entitlement to relief; rather it must "show" such an entitlement with its facts. *Id.*

"[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of

misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to

relief." *Iqbal*, 129 S.Ct. at 1949 (quoting Fed. R. Civ. P. 8(a)(2)).

## III. DISCUSSION

### A. Eleventh Amendment Immunity

Named as a defendant is the Delaware State Police. The claim fails due to the State's

sovereign immunity. The Eleventh Amendment of the United States Constitution protects an

unconsenting state or state agency from a suit brought in federal court by one of its own citizens,

regardless of the relief sought. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89

(1984); *Edelman v. Jordan*, 415 U.S. 651 (1974). Further, a state agency, such as the Delaware

State Police, "is not a person" subject to claims under 42 U.S.C. § 1983. *See Will v. Mich. Dep't

of State Police*, 491 U.S. 58, 71 (1989). The State has not waived its immunity from suit in

federal court, *see Brooks-McCollum v. Delaware*, 213 F. App'x 92, 894 (3d Cir. 2007)

(unpublished), and although Congress can abrogate a state's sovereign immunity, it did not do so

through the enactment of 42 U.S.C. § 1983. *See Quern v. Jordan*, 440 U.S. 332, 345 (1979).

The Delaware State Police is immune from suit. Therefore, the claims against it will be

dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) and § 1915(A)(b)(2) as it is immune from

suit.

---

plausibility of 'entitlement to relief.'" *Id.*

### B. Prosecutorial Immunity

Campbell names as a defendant the Attorney General of the State of Delaware ("Attorney General"). There are no allegations of the Attorney General's personal involvement. Campbell does allege that he is unlawfully detained pursuant to a search warrant that was issued without probable cause.

Prosecutors should not be encumbered by the threat of civil liability while performing judicial or quasi-judicial functions. *See Odd v. Malone*, 538 F.3d 202, 208 (3d Cir. 2008). A prosecutor enjoys absolute immunity from liability for actions taken in connection with judicial proceedings. *Odd*, 538 F.3d at 208 (citations omitted), *aff'd sub. nom.*, *Schneyder v. Smith*, 653 F.3d 313 (3d Cir. 2011). This generally means activities conducted in court, such as presenting evidence or legal arguments. *Giuffre v. Bissell*, 31 F.3d 1241, 1251 (3d Cir. 1994) (citing *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). Prosecutorial activities outside the courtroom receive the same protection only if they are "intimately associated with the judicial phase of the criminal process." *Van de Kamp v. Goldstein*, 555 U.S. 335, 341 (2009) (quoting *Imbler*, 424 U.S. at 430).

The fact that an individual is employed as a prosecutor does not mean the prosecutor is immune from suit for every wrong committed. *See Schneyder v. Smith*, 653 F.3d at 331. The "inquiry focuses on 'the nature of the function performed, not the identity of the actor who performed it.'" *Odd*, 538 F.3d at 208 (quoting *Light v. Haws*, 472 F.3d 74, 78 (3d Cir. 2007)). "The court must ascertain just what conduct forms the basis for the plaintiff's cause of action, and it must then determine what function (prosecutorial, administrative, investigative, or

5

something else entirely) that act served." *Id.* The court "focuses on the unique facts of each case" and carefully dissects the prosecutor's actions. *Id.* (citations omitted).

Here, Campbell appears to allude that the Attorney General is somehow responsible for the search warrant issued by a State Court judge. The conclusory allegations do not meet the pleading standards of *Iqbal* and *Twombly*. In addition, the allegations, while vague, refer to acts occurring that required advocacy and thus, the Attorney General enjoys prosecutorial immunity.

The claims against the Attorney General are dismissed as frivolous and by reason of immunity pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (iii) and § 1915(A)(b)(1) and(2).

### C. Judicial Immunity

Campbell amended his complaint to add as a defendant James Horn, Magistrate Judge of the Delaware Justice of the Peace Court #3 ("Judge Horn"). There are no specific allegations directed against Judge Horn, although one affidavit contains a statement that false and fabricated information was provided to get a magistrate to sign off on blank search warrants. (D.I. 3, Goodman aff.)

Judges are protected by absolute immunity for all judicial acts except those made in the clear absence of jurisdiction. "Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts within their judicial jurisdiction." *Cleavinger v. Saxner*, 474 U.S. 193, 199 (1985); *Capogrosso v. The Supreme Court of New Jersey*, 588 F.3d 180, 185 (3d Cir. 2009). Judicial immunity provides complete immunity from suit, not merely from an ultimate assessment of damages. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). A judge is entitled to immunity even where "the action he took was in error, was done

6

maliciously, or was in excess of his authority; rather he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Stump v. Sparkman*, 435 U.S. 349, 356-67 (1978). It appears that allegations relate to the acts of taken by a judicial officer in handling matters before him in his judicial capacity and, therefore, to the extent that the allegations are directed to Judge Horn, he is immune from suit.

For the above reasons, the court finds that the claims against Judge Horn have no arguable basis in law or in fact. They will be dismissed as frivolous and by reason of judicial immunity pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (iii) and § 1915(A)(b)(1) and(2).

### D. Search Warrant

Campbell has alleged what appears to be a cognizable Fourth Amendment claim against Smith and Wright. *See Franks v. Delaware*, 438 U.S. 154, 155-56 (1978). Campbell may proceed against Smith and Wright on this claim.

### E. Request for Counsel

Campbell requests counsel (D.I. 7) on the grounds that he is unlearned in the law, is too poor to retain counsel, and without it he will be found guilty in his criminal case. A pro se litigant proceeding in forma pauperis has no constitutional or statutory right to representation by counsel.[2] *See Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). However, representation by counsel may be appropriate under certain

---

[2]*See Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989) (§ 1915(d) (now § 1915(e)(1)) does not authorize a federal court to require an unwilling attorney to represent an indigent civil litigant, the operative word in the statute being "request.").

circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law. *Tabron*, 6 F.3d at 155.

After passing this threshold inquiry, the court should consider a number of factors when assessing a request for counsel. Factors to be considered by a court in deciding whether to request a lawyer to represent an indigent plaintiff include: (1) the merits of the plaintiff's claim; (2) the plaintiff's ability to present his or her case considering his or her education, literacy, experience, and the restraints placed upon him or her by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; (5) the plaintiff's capacity to retain counsel on his or her own behalf; and (6) the degree to which the case turns on credibility determinations or expert testimony. *See Montgomery v. Pinchak*, 294 F.3d 492, 498-99 (3d Cir. 2002); *Tabron*, 6 F.3d at 155-56. The list is not exhaustive, nor is any one factor determinative. *Tabron*, 6 F.3d at 157.

After reviewing the plaintiff's requests, the court concludes that the case is not so factually or legally complex that requesting an attorney is warranted. To date, the filings in this case demonstrate Campbell's ability to articulate his claims and represent himself. Thus, in these circumstances, the court will deny the request without prejudice to renew. (D.I. 7.) Should the need for counsel arise later, the issue can be addressed at that time.

## IV. CONCLUSION

For the above reasons, the court will dismiss the claims against the Delaware State Police, Joseph R. Biden, III, and James Horn as frivolous and by reason of immunity pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (iii) and § 1915(A)(b)(1) and (2). The plaintiff will be allowed to

8

proceed on his Fourth Amendment claim against Larry Smith and Adam Wright. The court will

deny without prejudice to renew Campbell's request for counsel (D.I. 7).

An appropriate order will be entered.

CHIEF, UNITED STATES DISTRICT JUDGE

_____Dec 26_____, 2013
Wilmington, Delaware

9