IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMARR CAMPBELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 13-1675-GMS |
| | ) |
| LARRY SMITH and ADAM WRIGHT, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM

**I.   INTRODUCTION**

The plaintiff, Jamarr Campbell ("Campbell"), a prisoner housed at the James T. Vaughn Correctional Center, Smyrna, Delaware filed this lawsuit pursuant to 42 U.S.C. § 1983. He proceeds *pro se* and was granted leave to proceed *in forma pauperis*. (D.I. 5.) Before the court are the parties' cross-motions for summary judgment. (D.I. 27, 28.)

**II.   FACTUAL AND PROCEDURAL BACKGROUND**

The case proceeds on the original complaint (D.I. 3) filed October 8, 2013, and raises claims under the Fourth Amendment of the United States Constitution pursuant to 42 U.S.C. § 1983 against the defendants Delaware State Police detectives Larry Smith ("Smith") and Adam Wright ("Wright") (together "the defendants"). Campbell seeks compensation for his alleged illegal detention, all criminal charges dropped, and his release from prison.

On January 21, 2013, Smith and Wright prepared an application for a search warrant and affidavit of probable cause and obtained a search warrant from the Justice of the Peace Court Magistrate James Horn. (D.I. 29, ex. A.) The search warrant application and affidavit consists of eleven pages and addenda. (*Id.*) Campbell was identified as a resident of the premises listed

1

on the warrant and, during a search of the premises, police officers located heroin, marijuana, and a large sum of money. (*Id.* at ex. A2.) Campbell was arrested as a result of the search and charged with numerous drug offenses. (*Id.* at exs. A2, B.)

Campbell challenged the validity of the warrant and, on July 11, 2013, a suppression hearing was held in the Superior Court of the State of Delaware in and for Sussex County. (D.I. 2, ex. C.) The Superior Court judge found that probable cause existed for issuance of the warrant noting that the detectives relied upon a past, proven, reliable informant, a target selling drugs from a good physical address, and three controlled buys. (*Id.*) The motion to suppress was denied, Campbell proceeded to trial, and he was convicted on September 13, 2013. (*Id.* at exs. B, C.) Campbell sought a new trial, and his motion was granted.[1] (D.I. 35.) On December 19, 2014, Campbell pled guilty to charges of drug dealing (heroin – tier 4) and aggravated possession of heroin. (D.I. 36.) He was sentenced to seven years imprisonment. (*Id.*)

## III. LEGAL STANDARD

The court shall grant summary judgment only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of proving that no genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 n.10 (1986). When determining whether a genuine issue of material fact exists, the court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Wishkin v. Potter*, 476 F.3d 180, 184 (3d Cir. 2007). If the moving party has demonstrated an absence of material fact, the nonmoving party then

---

[1] Once Campbell was granted a new trial, the defendants sought, and were granted, leave to file a supplemental brief to the motion for summary judgment. (D.I. 35, 36, 37, 38.)

2

"must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e)). However, a party opposing summary judgment "must present more than just 'bare assertions, conclusory allegations or suspicions' to show the existence of a genuine issue." *Podobnik v. United States Postal Serv.*, 409 F.3d 584, 594 (3d Cir. 2005) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). If the nonmoving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to judgment as a matter of law. *See Celotex Corp.*, 477 U.S. at 322. The same standards and burdens apply on cross-motions for summary judgment. *See Appelmans v. City of Philadelphia*, 826 F.2d 214, 216 (3d Cir. 1987).

Campbell moves for summary judgment on the grounds that: (1) the application for search warrant and affidavit lacked sufficient probable cause to justify the warrant; and (2) the subsequent search violated the Fourth and Fourteenth Amendments of the United States Constitution as well as the Delaware Constitution. The defendants move for summary judgment on the grounds that: (1) the Fourth Amendment claim is barred under *Heck v Humphrey* by reason of the adverse ruling in the Superior Court that denied the motion to suppress and by reason of Campbell's guilty plea; (2) the search warrant was supported by probable cause and there was proper legal authority to search the premises; and (3) they are entitled to qualified immunity.

## IV. DISCUSSION

### A. Collateral Estoppel

The defendants move for summary judgment on the grounds that Campbell is collaterally estopped from challenging the validity of the search warrant as the issue was fully litigated

3

during the suppression hearing in State court. "[D]efendants in a § 1983 suit can raise the issue of collateral estoppel when the plaintiff attempts to re-litigate in federal court issues decided against him in state criminal proceedings." *Ingram v. Lupas*, 353 F. App'x 674, 676 (3d Cir. 2009) (unpublished) (citing *Anela v. City of Wildwood,* 790 F.2d 1063, 1068 (3d Cir. 1986)).

Under Delaware law, the test for applying collateral estoppel requires that: "(1) a question of fact essential to the judgment; (2) be litigated (3) and determined (4) by a valid and final judgment." *Taylor v. State*, 402 A.2d 373, 375 (Del. 1979). Delaware law does not require identity of parties so long as the party against whom collateral estoppel is asserted was a previous party. *Columbia Cas. Co. v. Playtex FP, Inc.*, 584 A.2d 1214, 1217 (Del. 1991).

Here, all of the elements of the collateral estoppel doctrine are satisfied: the issue that Campbell litigated at the suppression hearing is identical to the issue he raises here; Campbell, the plaintiff in the instant action, was the defendant in the criminal case; and the denial of a suppression motion followed by a conviction is a final judgment for collateral estoppel purposes. *See e.g.*, *In Brawley v. State,* 741 A.2d 1025 (Del. 1999) (Brawley was charged with Delaware State crimes, filed a motion to suppress, and the Superior Court denied the motion. Brawley entered a guilty plea to one of the charges; two other charges were nolle prossed. When Brawley filed petitions for return of property seized pursuant to an illegal search, the Superior Court denied the petitions, finding that collateral estoppel barred him from questioning the legality of the search and seizure in a civil action and that he could not use the civil action to re-litigate the same issues.). *See also Ingram*, 353 F. App'x at 676-77.

Campbell is collaterally estopped from raising the claims that the defendants' application and affidavit lacked sufficient probable cause to justify the search warrant. Accordingly, the court will grant the defendants' motion for summary judgment.

## B. *Heck v. Humphrey*

The defendants also move for summary judgment on the grounds that Campbell's claims are barred by *Heck v. Humphrey*. Campbell recently pled guilty to criminal charges. To the extent that Campbell attempts to challenge his conviction and/or sentence based upon the contested search warrant, his sole federal remedy for challenging the fact or duration of his confinement is by way of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *see also Torrence v. Thompson*, 435 F. App'x 56 (3d Cir. 2011) (unpublished). In addition, a plaintiff cannot recover under § 1983 for alleged wrongful incarceration unless he proves that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

In *Heck*, the Supreme Court held that where success in a § 1983 action would implicitly call into question the validity of conviction or duration of sentence, the plaintiff must first achieve favorable termination of his available state or federal habeas remedies to challenge the underlying conviction or sentence. Considering *Heck* and summarizing the interplay between habeas and § 1983 claims, the Supreme Court explains that, "a state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - if success in that action would necessarily demonstrate the invalidity of the confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

5

Here, Campbell pled guilty to the charges against him, there is no evidence that he attacks the guilty plea he entered into, and he has not has not alleged or proven that his conviction or sentence was reversed or invalidated as provided by *Heck*.

For the above reasons, the court will grant the defendants' motion for summary judgment to the extent Campbell seeks to impugn his underlying conviction by attacking the validity of the search warrant.

### C. SUPPLEMENTAL CLAIMS

Having determined that summary judgment of the federal claims is appropriate on behalf of the defendants, the court will decline to exercise supplemental jurisdiction to the extent Campbell raises state law claims under the Delaware Constitution. *See* 28 U.S.C. § 1367(c).

### V. CONCLUSION

For the above reasons, the court will deny the plaintiff's motion for summary judgment (D.I. 27), will grant the defendants' motion for summary judgment (D.I. 28), and will decline to exercise supplemental jurisdiction over any State claims.[2]

An appropriate order will be issued.

_Feb 18_, 2015
Wilmington, Delaware

UNITED STATES DISTRICT JUDGE

---

[2] Because summary judgment is appropriate on the grounds of collateral estoppel and under *Heck v. Humphrey*, the court will not address the other grounds for summary judgment raised by the parties.

6